UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ANGEL PASTOR DOSS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 15-83-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| | ) | **ORDER** |
| STEVEN L. BESHEAR, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

*** *** *** ***

Before the Court are five related Motions to Dismiss.  [R. 5, 6, 7, 9, and 10.]  For the reasons explained below, the Court will GRANT each of the Defendants' motions.

**I**

In January 2015, Plaintiff Angel Pastor Doss filed a civil complaint in this District.  *See Doss v. Lexington Fayette Urb. County Govt.,* WL 4372715, at *1 (E.D. Ky. July 14, 2015).[1]  Although this complaint, like the one presently before the Court, was "disjointed and unclear," Doss apparently sought damages arising out of his arrest "for speeding" in 2014.  *Id.*  Following that arrest, Doss was also charged with violating the terms of his probation.  In his complaint, he expressed some vague dissatisfaction with the way in which various parties handled his revocation proceedings, and noted that he had discharged a public defender tasked with representing him in that case.  *Id.*  In any event, the revocation charges were dismissed in June

---

[1] The Defendants also indicate that Doss has filed suits in two other federal district courts, including the Western District of Kentucky, that allege many of the same facts.  *See Doss v. Donna Barton Brothers, et al.,* No. 3:15-CV-00570 (W.D.Ky.); *Doss v. Canterbury Park Racetrack and Card Casino,* No. 0:15-cv-02804-ADM-TNL (D. Minn.).

2014.  *Id.*  Several months later, the Kentucky Department of Transportation suspended Doss's

driver's license, presumably in response to his prior arrest for speeding.  *Id.*  He added, however,

that at a later hearing in state court a judge "allowed [him] to leave the court room with driving

privileges."  *Id.*  Doss then filed a "motion to reopen the case" in October 2014, alleging that he

had been "tried in abstentia."  *Id.*  What happened next is also unclear, but his driving privileges

were apparently restored in January 2015.  *Id.*  Although Doss never lucidly explained the injury

he suffered as a result of these events, he nevertheless alleged numerous violations of state and

federal law and sought almost $20 million in punitive and compensatory damages.  *Id.*  He

further asked the Court to order the Commonwealth to appoint him "Kentucky's Ambassador for

the Horse."  *Id.*

 On July 14, 2015, Judge Caldwell dismissed Doss's complaint for a variety of reasons,

including the fact that (1) Doss alleged violations of criminal law for which there is no private

right of action and (2) "none of his allegations suggest[ed] that any party . . . acted wrongfully."

*Id.* at *4-8.  On August 13, 2015, Doss sent a letter to the court that stated: "Dear [Judge

Caldwell]: Reopen Case or I will Continue with Grievance and include you with over 15 Federal

Agents."  [5:15-cv-00012-KKC at R. 30.]  Judge Caldwell construed the letter as a motion to

reopen Doss's case, and promptly denied that motion.  [*Id.* at R. 31.]

Doss then filed a complaint in this Court.  [R. 1.]  Doss's factual allegations are identical

to those in the complaint he filed in the previous case, although he now attempts to add several

defendants and charges.  Doss has also increased the amount of damages sought to over $30

million, and again asks the Court to order the Commonwealth to appoint him "Kentucky's

Ambassador for the Horse."  [*Id.* at 8.]

## II

### A

In evaluating the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). Complaints filed by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972). But the Court can only "stretch even the liberality afforded to *pro se* pleadings so far," and "[o]rdinary civil litigants proceeding *pro se*" are not otherwise "entitled to special treatment" *Doss v. Lexington Fayette Urb. County Govt.*, 2015 WL 4372715, at *3 (E.D. Ky. July 14, 2015) (quoting *McKinney v. Roadway Express, Inc.,* 341 F.3d 554, 558 (6th Cir. 2003).

Dismissal is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *DirecTV, Inc.*, 487 F.3d at 476 (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)). When measuring a pleading against this standard, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Moreover, the facts pled in support of the plaintiff's claims must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

To demonstrate facial plausibility, "a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  These requirements "serve[] the practical purpose of preventing a plaintiff with 'a largely groundless claim' from 'tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'"  *Twombly*, 550 U.S. at 545-46 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

**B**

There are many reasons to dismiss Doss's complaint.  The Court will discuss three.  First, Doss's federal claims against the Defendants who were parties to the previous action are plainly barred by *res judicata.*  Under the doctrine of claim preclusion, "a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented." *Armour v. McCalla*, 16 Fed. Appx. 305, 306 (6th Cir. 2001).  This rule applies even if the plaintiff attempts to skirt the prohibition by providing different theories of recovery arising out of the same transaction or occurrence.  *See id.*  Here, Doss's factual allegations are identical to those presented before, and any and all theories of recovery stated in this case should have been raised in his previous action.  Judge Caldwell already dismissed that action with prejudice.  Doss therefore cannot resuscitate those claims here.

Second, Doss's claims under § 1983[2] are time-barred.  Federal courts in Kentucky impose a one-year statute of limitations on § 1983 claims.  *See Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("[W]e conclude that section 1983 actions in

---

[2] Doss also names four other federal statues in the title of his complaint, although he does not otherwise reference them.  These include 18 U.S.C. § 2076 and § 2071, which are both criminal statutes that carry no private right of action, and 28 U.S.C. § 2255, which is facially irrelevant to this case.  Doss also references "28 U.S.C. § 1001," which does not exist.  [R. 1 at 2.]  He also generally refers to "civil rights violations" under several constitutional amendments, but never revisits that allegation in the body of the complaint.

Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a).").
Even construing Doss's complaint liberally, the latest possible event giving rise to a cause of
action occurred on October 2, 2014.  [R. 1 at 5.]  He did not file the present complaint until
November 25, 2015, over a year later.

Third, Doss's complaint fails to state a claim upon which relief can be granted.  As Judge
Caldwell has already stated, "none of [Doss's] allegations suggest that any party . . . acted
wrongfully, failed to afford him the due process of law, violated his equal protection rights by
treating him differently than others similarly situated, arrested him without probable cause, or
detained him without justification."  *Doss*, 2015 WL 4372715 at *8.  The actual counts listed in
Doss's complaint—which allege only violations of state law[3]—merely provide conclusory
recitations of the relevant statutes.  And beyond simply listing several federal statutes and
constitutional amendments in the title of his complaint, Doss never attempts to plead any facts
that correspond to federal law.  Perhaps most importantly, Doss's factual allegations fail even to
indicate that the defendants acted improperly, much less that they violated any statutory or
constitutional provisions.  Even more glaring, the additional defendants named in the complaint's
caption are never again mentioned.  In fact, Doss only acknowledges three defendants—the same
three named in his previous suit—in the body of his complaint.  These claims thus facially fail to
provide any plausible grounds for relief.

## C

Having already dismissed those claims arising under federal law, any remaining state law
claims are not fit for resolution by this Court.  *See, e.g., Moon v. Harrison Piping Supply*, 465

---

[3] Because all of Doss's explicit grounds for relief refer only to state law, at least one Defendant argues
that the Court lacks subject matter jurisdiction over this case.  [R. 10-2 at 8.]  Construing Doss's
complaint liberally, however, the Court finds that Doss's summary allusion to federal law at least
provides enough grounds for the Court to resolve his federal claims.

F.3d 719, 728 (6th Cir. 2006) (holding that "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).  The Court will therefore decline to consider Doss's state law claims.

### III

Doss's complaint fails to state a claim upon which relief can be granted.  Accordingly, and being otherwise sufficiently advised, the Defendants' Motions to Dismiss **[R. 5, 6, 7, 9, and 10]** are **GRANTED**, and the Court will enter judgment contemporaneously herewith.

This 20th day of May, 2016.

Gregory F. Van Tatenhove
United States District Judge